# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No.: 21-1258

| | | |
|---|---|---|
| JERRY STEWART, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Chief Special Master Corcoran<br>Filed: July 13, 2026 |

*Diana L. Stadelnikas,* Mctlaw, Sarasota, FL, for Petitioner.

*Dorian Hurley,* Department of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 20, 2021, Jerry Stewart filed a petition for compensation under the National Vaccine Injury Compensation Program. [2] Petition (ECF No. 1). Petitioner alleged that he suffered autoimmune encephalitis as a result of receiving an influenza vaccine on September 18, 2019. *Id.* A Decision on Stipulation was entered on December 9, 2025. Decision (ECF No. 66).

Petitioner has now filed a motion for a final award of attorney's fees and costs, requesting a total of $142,017.06 ($133,275.60 in fees and $8,741.46 in costs). Petitioner's Fee Application, dated Feb. 5, 2026 (ECF No. 71). Respondent reacted to Petitioner's motion, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this matter, and requested that I exercise my discretion in determining a reasonable award. Response, dated Feb. 19, 2026 (ECF No. 72). Petitioner filed a Reply on February 19, 2026, noting that the Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

did not provide any specific objections to the fees and costs requested, and reiterating his prior request that the full amount of fees and costs demanded should be awarded. Petitioner Reply (ECF No. 73).

Because Petitioner succeeded in this matter, he is entitled to a reasonable award of fees and costs. I have reviewed the billing records submitted with Petitioner's request. The time spent on the matter appears to be reasonable, and I also find no cause to reduce the hourly rates (which pertain to attorneys whose similar rates have been repeatedly deemed reasonable). Respondent has offered no specific objection to the rates or amounts sought.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Fee App. Ex. 47. I find the requested costs also to be reasonable and well documented. Therefore, I will also award the costs in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby **GRANT** Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $142,017.06 (representing $133,275.60 in attorneys' fees and $8,741.46 in attorneys' costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

**/s/ Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.